# Dewey *vs* Commonwealth.

ERROR TO THE FLEMING CIRCUIT.

*Case* 22.

*Presentments. Remission of fines, &c. Costs.*

*September* 26.

JUDGE MARSHALL delivered the opinion af the Court.

Case stated.

AFTER a fine of $60, adjudged against Dewey, under a presentment for keeping a tippling house, had been remitted by the Governor, and the instrument of remission filed in the office of the Court, and after Dewey had paid the costs of the prosecution, as taxed by the Clerk, the Court, on motion of the Attorney for the Commonwealth, who had acted in the prosecution, directed the Clerk to correct the taxation of costs by adding thereto $30 as the Attorney's fee, &c. Which having been done, and an execution having issued for this additional sum as a part of the costs, Dewey seeks a reversal of the order by which it was authorized.

The defendant on presentment, was fined $60 for keeping a tippling house, the Governor remitted the fine, Attorney for the Commonwealth claiming half the fine as his fee in the case, moved the Circuit Court to dirct the Clerk to correct the taxation of costs, and tax $30 as his fee in the case. Held that the order of the Circuit Ct. was erroneous; that if the remission of the judgment by the Governor did not extend to the $30 that it was collectable under the judgment, and not as costs in the case, if it

Upon comparison of the act of 1840, (3 *Stat. Laws*, 250,) with the 6th and 7th sections of the act of 1831, (2 *St. Laws*, 1382,) the fair deduction seems to be that the Legislature intended by the former act, to give to the Attorney for the Commonwealth the same compensation for conducting prosecutions for keeping tippling houses, and for other offences mentioned in the two sections of the act of 1831, as is given by the latter act to the County Attorney and others "sueing for the same," that is *"one half of the amount recovered."* But assuming this construction, a question arises upon the face of the statutes, whether it was intended to vest in the Attorneys and others referred to, an absolute right to one half of the judgment, or whether the *amount recovered* means the amount received from the judgment, leaving the right subject to all those circumstances which might intervene to prevent the enforcement of the judgment. It is doubtful whether the former construction would accomplish as certainly as the latter, the object of the Legislature, in giving this increased compensation, which was to insure the sup-

DEWEY
*vs*
COMMONWEALTH

did the Attorney
must look to the
Commonwealth.

pression of the mischief, by giving additional incentives for the enforcement of the penalty. Besides, if the Attorney is absolutely entitled to one half of the amount of the judgment, and not merely to one half of the amount collected, what would be the rights of the parties, if one half of the judgment should be collected, and the defendant should be utterly unable to pay the residue? Then again, is it clear that the Legislature, in promising to the Attorney, &c. one half of the *amount recovered*, intended to affect in the slightest degree the right of full pardon, which is vested by the constitution in the Executive, or to give to the Attorney any right to question the operation or extent of this privilege of pardon, which is given without condition or restriction to the Executive, not for his benefit, but for the benefit of the citizen, and for the sake of justice, which may not in all cases be attained under the forms of legal proceedings?

This Court has said in the case of *Rout* vs *Femester*, (7 *J. J. Marshall*, 132,) that the power of the Executive "to remit fines and forfeitures is unlimited, illimitable and uncontrolable." It is sufficient, in the present case, to say, that even if the Legislature had in unequivocal terms vested in the Attorney, &c. one half of the judgment as soon as obtained, there would still be a question whether it was intended to interfere with the power of remission in the Executive. And even if this intention were clearly evinced, a question would still arise, as to the effect of the legislative enactment to limit the constitutional power of remission in the Executive.

We do not, however, deem it necessary to determine these serious questions in the present case. For although the order complained of was probably made under the idea, that by law the Attorney for the Commonwealth was entitled to one half of the sum adjudged against the defendant, and that the remission of the entire penalty by the Governor did not defeat this right; and although it is clear that the claim of the Attorney, as founded on the judgment, is entirely inconsistent with the right claimed and exercised by the Governor to remit the entire penalty, yet we deem it equally clear, that even if in consequence of the legislative acts referred to the remission by

the Governor, was effectual as to one half of the penalty only, and the right of the Attorney to the other half remained as if there was no remission, the proper consequence would be, that the judgment as to one half of the penalty remained in full force for the benefit of the Attorney, and his right should be enforced by execution on the judgment. And if on the other hand, the remission is effectual as to the entire penalty, the Court had no power to adjudge against the defendant an additional and new penalty in the form of an Attorney's fee. The compensation of one half of the amount recovered, allowed to the Attorney, is allowed out of the penalty, and not as a charge against the defendant in addition to the penalty. It is a part of the principal judgment, and not a part of the costs. If the defendant is not freed from the judgment, the compensation of the Attorney is enforcible under it. If he is freed from the judgment for the penalty, and the Attorney is still entitled to his compensation of one half of the amount received, he must look to the Commonwealth for it, and not to the judgment. In no view of the law or the constitution, can one half of the penalty be made a part of the costs.

Wherefore, the order directing the sum of $30 to be taxed in the costs as the Attorney's fee, is reversed, and the cause is remanded, with directions to overrule the Attorney's motion.

*Cord* for plaintiff; *Cates, Attorney General,* for Commonwealth.